IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| CAROL H.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:20-cv-00035 |
| ) | |
| KILOLO KIJAKAZI, Acting ) | By:  Elizabeth K. Dillon |
|   Commissioner, Social Security ) |         United States District Judge |
|   Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Carol H. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying her application for disability insurance benefits under the Social Security Act.  (Complaint, Dkt. No. 2.)  The Commissioner moved for summary judgment (Dkt. No. 17), and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Joel C. Hoppe for a report and recommendation (R&R).  On August 12, 2021, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision.  (R&R, Dkt. No. 19.)  Carol H. filed objections on August 26, 2021.  (Dkt. No. 20.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation.  Accordingly, the court will grant the Commissioner's motion for summary judgment and affirm the Commissioner's decision.

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 3–18.) Briefly, the Administrative Law Judge (ALJ) found that plaintiff suffered from the severe impairments of chronic obstructive pulmonary disease (COPD) and degenerative disc disease of the lumbar spine with radiculopathy. Plaintiff's other impairments, including anxiety and depression, were non-severe because they did not cause more than minimal limitation her ability to perform basic work activities. (Tr. 26–29.) After finding that plaintiff's impairments did not meet or equal any listed impairments, the ALJ reasoned that plaintiff retained the residual functional capacity (RFC) to perform light work with additional limitations. Plaintiff could occasionally climb ramps and stairs, but could never climb ladders, ropes, or scaffolds; she could occasionally balance, stoop, kneel, crouch, and crawl; she could occasionally push and pull with her right lower extremity; she could tolerate occasional exposure to humidity, dust, odors, fumes, pulmonary irritants, extreme cold, extreme heat, and vibration; and she could never work at unprotected heights. (Tr. 30.)

Based on this RFC finding and the testimony of a vocational expert, the ALJ concluded that plaintiff could return to her past relevant work as a companion and office assistant, either as actually or as generally performed. Thus, the ALJ found that plaintiff was not disabled within the meaning of the Social Security Act.

II. DISCUSSION

A. Standard of Review

This court's review of the ALJ's underlying decision is limited. *See Gregory H. v. Saul*, Civil Action No. 7:18-cv-00342, 2019 WL 4280334, at *1 (W.D. Va. Sept. 10, 2019). Specifically, "[a] district court's primary function in reviewing an administrative finding of no

disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already

3

considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)).  Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); *see also Hammack v. Berryhill*, Civil Action No. 7:16cv00314, 2017 WL 4203545, at *2 (W.D. Va. Sept. 21, 2017) ("A plaintiff who reiterates her previously raised arguments will not be given 'the second bite at the apple she seeks'; instead, her re-filed brief will be treated as a general objection, which as the same effect as would a failure to object.") (quoting *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008)).

### B. Carol H.'s Objections to the R&R

Plaintiff argues that the court should reject the magistrate judge's finding that the ALJ properly weighed the opinion testimony of Dale Carroll, M.D.  The ALJ found that Dr. Carroll's reaching and handling limitations were not medically necessary.  (R&R 23.)  Plaintiff argues that the ALJ did not explain why examination findings of tenderness, spasm, and decreased sensation did not support Dr. Carroll's opinion.  *See Hale v. Astrue*, No. 7:10-cv-00279, 2011 WL 4715214, at *7 (W.D. Va. Oct. 5, 2011) ("An ALJ cannot simply pick and choose only the medical evidence that supports his position.").

As the magistrate judge explained, the ALJ gave "partial" weight to Dr. Carroll's opinion because it was "not entirely consistent with the medical evidence, which show[ed] the claimant had a greater capacity for standing, walking, sitting, and crawling" than Dr. Carroll found, but that she was "somewhat more limited in lifting and carrying."  (Tr. 35.)  The ALJ found that Dr.

Carroll's opinion that plaintiff could reach and handle objects only frequently was not supported by the medical evidence. In fact, the ALJ found that this opinion was undermined Dr. Carroll's own examination, which showed that plaintiff "could handle objects with both gross and manual motor dexterity." (*Id.*) Plaintiff's objection to the R&R does not cite to the evidence she claims supports Dr. Carroll's opinion—evidence showing findings of tenderness, spasm, and decreased sensation. In any event, the ALJ is not required to confront or explain all contradictory evidence in the record, especially when a doctor's opinion is undermined by his own examination findings. *See, e.g.*, *Phillips v. Saul*, DOCKET NO. 1:20-cv-00185-FDW, 2021 WL 2941552, at *6 (W.D.N.C. July 13, 2021) (finding that an ALJ's decision to discount a medical opinion that was unsupported by the doctor's "own essentially normal" examination was supported by substantial evidence). The ALJ's decision is thorough, and she did not merely "cherrypick facts that support his decision while ignoring relevant evidence to the contrary." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017); *see also Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) ("There is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision.").

Plaintiff also objects to the magistrate judge's reasoning pertaining to the opinion of Robin Rider, C.F.N.P. The magistrate judge stated that "the fact that Dr. Carroll's and NP Rider's opinions of Carol's ability to handle and reach were facially similar . . . does not, in this instance, suggest that ALJ Knight should have given more weight to either of their opinions." (R&R 24.) Plaintiff maintains that the ALJ was required to discuss the consistency of this evidence and provide an explanation why this facially similar evidence was not deserving of additional weight. *See* 20 C.F.R. § 404.1527(c) (Evaluating opinion evidence for claims filed

before March 27, 2017).[2] Among the factors to consider, however, is the consistency of the medical opinion with the record as a whole. *Id.* § 404.1527(c)(4). Here, the record evidence did not support any reaching and handling limitations. (*See* Tr. 35; 391–94.) Thus, the fact that NP Rider's opinion was consistent with Dr. Carroll's opinion does not lend additional weight to either opinion.

Finally, plaintiff argues that the ALJ did not properly consider the impact that her mental limitations would have on her RFC. Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence where, after concluding plaintiff had mild limitations in all functional areas of the psychiatric review technique, the ALJ failed to incorporate any mental limitations into plaintiff's RFC without explanation. *See Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (ALJ must "build an accurate and logical bridge from the evidence to his conclusion"). The evidence may not support a severe mental impairment, but it certainly supports that plaintiff would have additional non-exertional impairments that could further reduce plaintiff's ability to engage in sustained work on a regular and continuing basis.

Like the magistrate judge, the court does not agree. The ALJ explained why plaintiff's "mild" mental limitations did not more than minimally impact her ability to perform basic work-related activities. (Tr. 26–29.) The ALJ explained, for example, that plaintiff's primary care provider "generally described her mental impairments as stable" and that her examinations were "generally unremarkable," showing "no mood, affect, behavior, or judgment abnormalities." (Tr. 27; *see also id.* (noting that plaintiff "improve[d] with treatment," could "engage in a number of daily activities," and "did not require any formal mental health treatment or inpatient psychiatric care").) Thus, the failure to incorporate mental limitations into the RFC was not

---

[2] Plaintiff's claim was filed on January 10, 2017. (Tr. 24.)

"without explanation," as plaintiff argues. (*See id.* ("The medical evidence as a whole fail[ed] to show that the claimant's mental impairments, considered both singly and in combination, more than minimally limited her ability to perform basic mental work activities.").)

### III.  CONCLUSION AND ORDER

After a review of plaintiff's objections and the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards.  Accordingly, it is hereby ORDERED as follows:

1. The R&R (Dkt. No. 19) is ADOPTED;

2. Plaintiff's objections (Dkt. No. 20) are OVERRULED;

3. The Commissioner's motion for summary judgment (Dkt. No. 17) is GRANTED; and

4. The Commissioner's decision is AFFIRMED.

An appropriate judgment order will be entered.

Entered: September 3, 2021.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge